UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:24CV-P95-JHM

**MELVIN DEANDRE MATHEWS**  PLAINTIFF

**v.**

**SHERRI GUINN** *et al.*  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Melvin Deandre Mathews filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at the Christian County Jail (CCJ). He sues Sherri Guinn, the Class D Coordinator at CCJ, in her individual and official capacities; CCJ; and Kenton County Detention Center.

Plaintiff states that on May 11, 2022, he was convicted of promoting contraband in the first degree. He states that Defendant Guinn "didn't submit my record to [Kentucky Department of Corrections (KDOC]) or notified me that 49 days good time was taken." He continues as follows:

> By policy and procedure by due process of the 14th and 8th amendment this is cruel and unusual punishment, because Sherri Guinn didn't follow [KDOC] policy and procedures, by not allowing me to correctly file for the 49 days back. I been clear conduct for over 6 months. My time sheet I've received didn't show any good time lost. I have been unlawful imprisoned do to her not followed policy and procedure. I was never told or given any type of paperwork stated that time was took or lost in front of a adjudgment committee or given a chance to appeal the situation. I was told I had to do 49 days extra. This action was took on 5-11-2022 when I plead guilty to the charge. Every 6 months after that I could have filed for the return of 49 days, but by not being told of the lost I was unaware until Sherri Guinn submitted my record on 4-5-2024. I was supposed to be released on 5-1-2024 but couldn't

because Sheri Guinn told me on 4-30-2024 that I got 49 days good time gone. This is false imprisonment, I'm done and finish my time my debt is due.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Sixth Circuit has specifically rejected the existence of a due process claim arising from allegations of failure to earn good-time credits stating as follows:

> As "the Due Process Clause itself does not create a liberty interest in credit for good behavior," *Sandin* [*v. Conner*, 515 U.S. 472, 477 (1995)], the question is whether the Kentucky statute creates such an interest. A Kentucky inmate "possesses no inherent constitutional right . . . to accumulate good time credits." *Hopewell v. Berry*, No. 89-5332, 889 F.2d 1087 (table), 1989 U.S. App. LEXIS 17239, at *2 (6th Cir. Nov. 15, 1989) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Furthermore, "[p]rison officials clearly have discretion under state law to deny a prisoner future good time." *Id.* (citing Ky. Rev. Stat. § 197.045(1)). As there is no right to accumulate good-time credits, [the defendants] did not commit a constitutional violation. [The plaintiff's] substantive due process rights were not violated because of his inability to accumulate good-time credits.

*Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *see also Nolan v. Patterson*, No. 3:19-CV-P935-CHB, 2021 U.S. Dist. LEXIS 58801, at *6 (W.D. Ky. Mar. 29, 2021); *Bell v. Kenney*, No. CV 20-164-DLB, 2020 U.S. Dist. LEXIS 81533, at *7 (E.D. Ky. May 8, 2020). Accordingly, Plaintiff's claims for violation of the Fourteenth Amendment's Due Process Clause must be dismissed for failure to state a claim upon which relief may be granted.

The Eighth Amendment prohibits conduct by prison officials that involves the "'unnecessary and wanton infliction of pain.'" *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)

(per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Id.* at 348 (citation omitted).  Plaintiff has made no allegations that would give rise to a violation of the Eighth Amendment, and his Eighth Amendment claims must be dismissed for failure to state a claim upon which relief may be granted.

Finally, the failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim.  *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation).  Therefore, the claims based on the violation of KDOC policies and procedures must also be dismissed for failure to state a claim.

## IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date: June 14, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010